UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                                    MASTER FILE NO. 12-md-02311


_____

In re: Bearings                                               HON. MARIANNE O. BATTANI


_____

THIS DOCUMENT RELATES TO:

State Attorneys General                                    2:13-cv-00505 and 14-12095
_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter is before the Court on Defendant AB SKF's Motion to Dismiss the

Complaint Filed by the State of Florida, Office of the Attorney General, Department of

Legal Affairs.  (Doc. No. 28 in 14-12095).  For the reasons stated below, Defendant's

motion is **GRANTED**, and AB SKF is **DISMISSED**.

I.      RELEVANT FACTS

On May 27, 2014, the State of Florida, Office of the Attorney General ("Florida")

filed a complaint against several corporate entities alleging violations of federal and

state antitrust laws.  Specifically, Florida claims that Defendant AB SKF and others

"conspired to suppress and eliminate competition with respect to the sale and

manufacture of bearings."  (Doc. No. 1 at ¶ 2).  Further, the complaint alleges that

"Defendants and their co-conspirators agreed, combined, and conspired to inflate, fix,

raise, maintain, or artificially stabilize the prices of bearings."  (Id. at ¶ 3).  Generally, AB

SKF and other Defendants are in the business of manufacturing or selling Bearings,

which are defined in the complaint as "metal balls or rollers that permit the wheels of a vehicle to rotate with reduced friction." (Id. at ¶ 41).

Florida alleges that Defendant AB SKF is a Swedish corporation with its principal place of business in Gothenburg, Sweden. (Doc. No. 1 at ¶ 27). It further alleges that "AB SKF, directly or through its wholly owned and/or controlled subsidiaries, manufactured, marketed and/or sold bearings that were purchased by Florida governmental entities, Florida business, and/or Florida individual consumers during the Relevant Period." (Id.) Florida asserts that 22% of AB SKF's sales occur in North America. (Id.)

AB SKF is the parent company of SKF USA, Inc. ("SKF USA"), which is a Delaware corporation with its principal place of business in Pennsylvania. (Id. at ¶ 28). Florida claims that "AB SKF controlled and directed SKF USA's activities in the United States." (Id.) Further, Florida alleges that AB SKF and SKF USA have shared numerous executives in the past. (Id. at ¶ 29).

In July 2014, Florida's complaint was reassigned to this Court and consolidated with In re Automotive Parts Antitrust Litigation [Bearings], No. 12-00500. AB SKF now moves to dismiss for lack of personal jurisdiction.

## II.   STANDARD OF REVIEW

Before answering a complaint, a defendant may move for dismissal based on lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "Where personal jurisdiction is challenged in a 12(b)(2) motion, the plaintiff has the burden of establishing that jurisdiction exists." Am. Greetings Corp. v. Cohn, 839 F. 2d 1164, 1168 (6th Cir. 1988); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178,

189 (1936) (plaintiff "must allege in his pleading the facts essential to show jurisdiction").

If a district court rules on the motion before trial, the court, in its discretion, "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).  The district court is granted considerable discretion in this decision and will be reversed only for abuse of discretion.  Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Mich. Nat. Bank v. Quality Dinette, Inc., 888 F.2d 462, 466 (6th Cir. 1989).  The method the court selects will affect the magnitude of the burden on the plaintiff to avoid dismissal.  Serras, 875 F.2d at 1214.  Where, as is the case here, the court relies solely on the parties' affidavits to reach its decision on the motion, the burden rests on the plaintiff to establish a *prima facie* showing of jurisdiction in order to avoid dismissal, Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005), and the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

In considering 12(b)(2) motions, the court does not weigh the controverting assertions of the moving party due to its interest in "prevent[ing] non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts."   CompuServe, Inc., 89 F.3d at 1262 (quoting Theunissen, 935 F.2d at 1459).

### III.   ANALYSIS

The Supreme Court has held that to subject a nonresident defendant to personal jurisdiction, due process requires that he must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  The defendant's "conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction in fact exists.  Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

When "a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States, and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States."  Med. Mut. v. deSoto, 245 F.3d 561, 567-68 (6th Cir. 2001).  For federal antitrust claims, 15 U.S.C. § 22 authorizes services of process over an antitrust defendant "wherever it may be found."  Consequently, personal jurisdiction over AB SKF is dependent on whether it has "sufficient minimum contacts with the United States" to satisfy the due process requirements of the Fifth Amendment.  Med. Mut. of Ohio, 245 F.3d at 566-67.  "This inquiry parallels the more traditional personal-jurisdiction analysis under which a defendant must have minimum contacts with the forum state pursuant to the state's

4

long-arm statute."   Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 449-50 (6th Cir. 2012) (citing Med. Mut. of Ohio, 245 F.3d at 566-67) (internal quotations omitted).

A party is subject to the personal jurisdiction of the Court through either general or specific jurisdiction.   See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787-89 (2011).   Whether general or specific jurisdiction exists turns on the nature of the defendant's contacts with the forum.   In its response to AB SKF's motion to dismiss, Florida argues that personal jurisdiction exists under both theories.

On July 3, 2014, the Court found that it could not exercise personal jurisdiction over AB SKF with respect to the complaints of the Direct Purchaser Plaintiffs, Automobile Dealership Plaintiffs, and the End-Payor Plaintiffs ("Class Plaintiffs") in the Bearings cases.   The jurisdictional evidence and allegations demonstrated that AB SKF does not manufacture or sell any products in the United States.   (Case No. 12-500, Doc. No. 148 at 11-12).   In addition, it has no direct contacts with the United States other than through its subsidiary SKF USA.   (Id. at 12).   In rejecting Class Plaintiffs' alter-ego theory of general jurisdiction, the Court concluded that "AB SKF does not exercise 'so much control' over SKF USA that both companies are one and the same for jurisdictional purposes."      (Id. at 9).   It also rejected Class Plaintiffs' "stream of commerce" theory of specific jurisdiction, finding no basis to impute the actions of SKF USA to AB SKF.   (Id. at 11-12).   In reaching its conclusions, the Court relied on AB SKF's affidavits refuting Class Plaintiffs' allegations of shared executives and other corporate intermingling.   (Id. at 8-9).   Ultimately, AB SKF was dismissed from the Bearings cases.

Here, the allegations set forth in Florida's complaint mirror those alleged in the Class Plaintiffs' complaints.  The Court has already found those allegations insufficient to exercise personal jurisdiction over AB SKF in this matter, and Florida has failed to establish any distinction.  In addition, Florida did not provide any additional jurisdictional allegations or evidence to bolster its contention.  Like the Class Plaintiffs, Florida relies on bare allegations of AB SKF's contacts with the United States and its alleged control over SKF USA.  Thus, the Court adopts its analysis set forth in its July 3, 2014 Opinion and Order, and finds that even viewing the jurisdictional allegations in its favor, Florida failed to establish that AB SKF maintains sufficient minimum contacts with the United States for this Court to exercise personal jurisdiction.

## IV.   CONCLUSION

Accordingly, Defendant's motion is **GRANTED,** and AB SKF is **DISMISSED**.

**IT IS SO ORDERED.**

Date:  March 24, 2015                              s/Marianne O. Battani
                                                            MARIANNE O. BATTANI
                                                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2015.

                                        s/ Kay Doaks
                                        Case Manager