UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                              MASTER FILE NO. 12-md-02311

_____

In re: Bearings                                              HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

State Attorneys General                              2:13-cv-00505 and 14-12095
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Schaeffler AG and Schaeffler Group USA, Inc.'s Motion to Dismiss the State of Florida's Complaint for Failure to State a Claim. (Doc. No. 31 in 14-12095). For the reasons stated below, Defendants' motion is **DENIED**.

### I.   RELEVANT FACTS

On May 27, 2014, the State of Florida, Office of the Attorney General ("Florida") filed a complaint against several corporate entities alleging violations of federal and state antitrust laws. Specifically, Florida claims that Defendant Schaeffler AG, Schaeffler USA Group, Inc., and others "conspired to suppress and eliminate competition with respect to the sale and manufacture of bearings." (Doc. No. 1 at ¶ 2). Further, the complaint alleges that "Defendants and their co-conspirators agreed, combined, and conspired to inflate, fix, raise, maintain, or artificially stabilize the prices of bearings." (Id. at ¶ 3). Generally, Schaeffler AG and other named Defendants are in the business of manufacturing or selling Bearings, which are defined in the complaint as

"metal balls or rollers that permit the wheels of a vehicle to rotate with reduced friction." (Id. at ¶ 41).

Defendant Schaeffler AG is a German corporation with its principal place of business in Herzogenaurach, Germany. (Id. at ¶ 32). Florida alleges that 15% of Schaeffler AG's sales occur in North America. (Id.) Further, it is alleged that "Schaeffler AG, directly and/or through its wholly owned and/or controlled subsidiaries, manufactured, marketed and/or sold bearings that were purchased by Florida governmental entities, Florida businesses, and/or Florida individual consumers during the Relevant Period." (Id.)

Schaeffler AG is the parent company of Schaeffler Group USA Inc. ("Schaeffler USA"), which is a Delaware corporation with its principal place of business in South Carolina. (Id. at 33). Florida alleges that Schaeffler USA "sold bearings that were purchased by Florida governmental entities" at the direction and control of Schaeffler AG. (Id.) In addition, it is alleged that Schaeffler AG and Schaeffler USA have shared numerous executives. (Id.)

In July 2014, Florida's complaint was reassigned to this Court and consolidated with In re Automotive Parts Antitrust Litigation [Bearings], No. 12-00500. On [insert date of Opinion dismissing Schaeffler AG for lack of personal jurisdiction], the Court dismissed Schaeffler AG for lack of personal jurisdiction. Thus, the Court will only discuss whether Florida has stated a valid claim against Schaeffler USA in its complaint.

**II.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief.  First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007).  "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).

When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'"  Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In Twombly, the Supreme Court considered the pleading requirements necessary to withstand a motion to dismiss relative to a Section 1 Sherman Act claim.  It held that the complaint must contain enough factual matter to "plausibly suggest" an agreement:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough

3

>   facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

550 U.S. at 556.

### III.  ANALYSIS

In their respective briefs, the parties advance the same arguments addressed in the Court's Opinion and Order Denying Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaints issued on September 23, 2014. (See Case No. 12-500, Doc. No. 166). In its decision, the Court found that the Direct Purchaser Plaintiffs, Automobile Dealership Plaintiffs, and End-Payor Plaintiffs ("Class Plaintiffs") in the Bearings cases provided sufficient allegations for the Court to infer a global conspiracy aimed in part at the United States. (Id. at 5-6). Class Plaintiffs implicated Schaeffler USA through allegations that it conspired with other Defendants who pleaded guilty to price-fixing Bearings in the United States. Class Plaintiffs also provided factual allegations that Schaeffler USA met in secret with its coconspirators at trade shows and directly sold price-fixed Bearings in the United States in a market that was ripe for anticompetitive conduct. (Id.) Thus, Class Plaintiffs' complaint gave rise to an inference that Schaeffler USA participated in the conspiracy, thereby withstanding Rule 12(b)(6) scrutiny.

In the case at hand, the parties concede that the allegations in Florida's complaint mirror those alleged in the Class Plaintiffs' complaint, and the Court agrees. Florida alleges a global price-fixing conspiracy entered into by several Defendants, including Schaeffler USA, which is supported by government investigations, guilty pleas, and fines. (Doc. No. 1 at ¶¶ 60-102). Schaeffler USA is alleged to have directly

4

participated in the conspiracy by meeting with its coconspirators and selling price-fixed Bearings in the United States market, specifically the State of Florida. (Id. at ¶ 33). As the substantive allegations and arguments advanced by the parties are almost entirely identical, the Court declines to depart from its reasoning set out in its Opinion and Order dated September 23, 2014. Therefore, Florida's allegations against Schaeffler USA are sufficient to state a claim for relief under Twombly, 550 U.S. at 570.

## IV. CONCLUSION

Accordingly, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Date: March 24, 2015

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 24, 2015.

s/ Kay Doaks
Case Manager